**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4897**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MATTHEW JAMES DURY,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:08-cr-00016-LHT-1)

_____

Submitted: June 11, 2009          Decided: July 10, 2009

_____

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

_____

Carol Ann Bauer, Morganton, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew James Dury pled guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1) (2006). In sentencing Dury, the district court determined that he had engaged in a pattern of activity involving the sexual abuse or exploitation of a minor and consequently enhanced Dury's offense level five levels pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2G2.2(b)(5) (2007). The district court then sentenced Dury to 204 months' imprisonment, which fell within his advisory guidelines range. On appeal, counsel for Dury has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting that the district court erred in applying the USSG § 2G2.2(b)(5) enhancement.[*]

This court reviews sentencing enhancements under a mixed standard of review: findings of fact are subject to a clearly erroneous standard and legal conclusions, including interpretation of the sentencing guidelines, are reviewed de novo. United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006). The Government need only establish the facts supporting a sentencing enhancement under USSG § 2G2.2(b)(5) by a

---

[*] Dury was informed of his right to file a pro se supplemental brief. He has not done so.

preponderance of the evidence. <u>United States v. Kiulin</u>, 360 F.3d 456, 460 (4th Cir. 2004).

Section 2G2.2(b)(5) provides for a five level enhancement if a defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. USSG § 2G2.2(b)(5). A "pattern of activity involving the sexual abuse or exploitation of a minor" is defined as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." USSG § 2G2.2(b)(5) comment. (n.1).

Dury first suggests that the district court erred in enhancing his sentence based on a statement he gave to law enforcement because his statement lacks reliability. We have reviewed the record and determine that Dury's statement was sufficiently reliable that the district court did not err in relying on it in imposing the § 2G2.2(b)(5) enhancement.

Dury next suggests that the district court erred in enhancing his sentence pursuant to USSG § 2G2.2(b)(5) based on a state conviction for simple assault. The charging document in that case stated that Dury held a thirteen-year-old child on a couch and attempted to kiss her. Accordingly, we find no error

3

in the application of the enhancement.  See Shepard v. United States, 544 U.S. 13, 26 (2005).

In accordance with Anders, we have thoroughly reviewed the record and find no infirmity that calls Dury's conviction into question.  We conclude, however, that Dury's sentence must be vacated as the district court's explanation of its exercise of discretionary sentencing authority does not pass muster under United States v. Carter, 564 F.3d 325 (4th Cir. 2009).

This court reviews a sentence imposed by a district court under a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008).  In reviewing a sentence, the appellate court must first ensure that the district court committed no significant procedural error, such as failing to adequately explain the chosen sentence.  Gall 128 S. Ct. at 597.  If there are no procedural errors, then the appellate court considers the substantive reasonableness of the sentence.  Id.

"When rendering a sentence, the district court must make an *individualized* assessment based on the facts presented." Carter, 564 F.3d at 328 (quoting Gall, 128 S. Ct. at 597) (internal quotations omitted) (emphasis in the original)). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must

4

"state in open court" the particular reasons that support its chosen sentence. Id. Stating in open court the particular reasons for a chosen sentence requires the district court to set forth enough to satisfy this court that the district court has a reasoned basis for its decision and has considered the parties' arguments. Id.

Here, as in Carter, the district court did not justify Dury's sentence with an adequate individualized rationale. Carter, 564 F.3d at 328-29. At sentencing, defense counsel requested the district court to sentence Dury "at the lowest possible level." In support of her request, defense counsel referenced Dury's difficult upbringing and life. In imposing a sentence near the middle of Dury's advisory guidelines range, the district court stated only "pursuant to the Sentencing Reform Act of 1984 and U.S. v. Booker, it is the judgment of the Court, having considered the factors noted in 18 U.S.C. § 3553(a) that the defendant, Matthew James Dury, is hereby committed to the custody of the U.S. Bureau of Prisons, to be imprisoned for a term of 204 months." The district court failed to state how or which particular § 3553(a) factors applied to Dury, and the court's statement that it had considered the § 3553(a) factors could have applied to any sentence, regardless of the offense or defendant. Id. at 329. "Regardless of whether the district court imposes an above, below, or

within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." Id. at 330. The record here simply fails to reveal why the district court deemed the sentence it imposed appropriate. Accordingly, while we affirm Dury's conviction, we vacate Dury's sentence and remand for resentencing in light of Carter.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

6